FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 17  AM 11: 33

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG GARRISON                                CIVIL ACTION

VERSUS                                        NUMBER: 06-1246

HARRY LEE, SHERIFF,                           SECTION: "K"(5)
JEFFERSON PARISH CORRECTIONAL
CENTER

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Craig Garrison, against defendant, Sheriff Harry Lee.

Plaintiff is an inmate of the C. Paul Phelps Correctional Center, DeQuincy, Louisiana, who was previously housed at the Jefferson Parish Correctional Center ("JPCC"), Gretna, Louisiana, prior to being evacuated from that facility in advance of Hurricane Katrina. Due to the exigencies surrounding the evacuation, plaintiff was forced to leave behind at JPCC various pieces of personal property, including documents pertaining to his state criminal case and others related to ongoing civil litigation.



Plaintiff seeks an unspecified amount of compensatory damages for the property he left behind at JPCC, $5,000 for mental anguish damages, and court costs.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case can best be characterized as one for deprivation of property at the hands of a state employee. Deprivation of property by a state employee, whether done negligently, <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986), or intentionally, <u>Hudson v. Palmer</u>, 468 U.S. 517, 104 S.Ct. 3104 (1984), is not actionable under §1983 when an adequate state law remedy exists. <u>See</u> <u>also</u> <u>Murphy v. Collins</u>, 26 F.3d 541, 543-44 (5th Cir. 1994); <u>Hines v. Booth</u>, 841 F.2d 623, 624 (5th Cir. 1988). Louisiana law

provides such a remedy. See LSA-C.C. Art. 2315. Moreover, inasmuch as the doctrine of respondeat superior is inapplicable to §1983 proceedings, plaintiff has set forth no facts upon which to hold the Sheriff liable here. Wesson v. Oglesby, 910 F.2d 283-84 (5th Cir. 1990); Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981).[1]/

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(E)(2)(B)(i) and (ii). See Marts v. Hines, 117 F.3d 1504 (5th Cir. 1997)(en banc), cert. denied, 522 U.S. 1058, 118 S.Ct. 716 (1998).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

---

[1]/ The current status of plaintiff's state court criminal proceedings is not reflected by his complaint. To the extent that his complaint can be read as alleging that the loss or taking of his legal documents has deprived him of the tools necessary to challenge his conviction, he raises a habeas corpus issue which cannot be addressed until he has exhausted available state court remedies with respect to such a claim. See, e.g., Borning v. Cain, 754 F.2d 1151 (5th Cir. 1985). As plaintiff makes no showing of having exhausted such available state court remedies, it would be inappropriate to address his claim, as it relates to the loss or taking of his legal documents, on habeas corpus grounds.

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 16 day of March, 2006.

                                        ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE